IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DUSTIN GLENN,

           Petitioner,    :    Case No. 3:17-cv-435

  - vs -                    District Judge Walter H. Rice
                            Magistrate Judge Michael R. Merz

PREBLE COUNTY SHERIFF
 DEPARTMENT AND STATE OF
 OHIO

                                   :
           Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pro se by Petitioner Dustin Glenn to obtain relief from his conviction in the Preble County Common Pleas Court on one count of unlawful sexual conduct with a minor (Petition, ECF No. 2, PageID 37).  The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:  "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Federal courts have habeas corpus jurisdiction only with respect to persons who are "in custody."  Mr. Glenn begins his Petition by stating that his prison term has expired but he is still "required to register pursuant to Ohio Revised Code § 2950.01."  He attaches a June 11, 2014, Explanation of Duties to Register (PageID 52).  When a sentence expires before a habeas petition is filed, the petitioner is not sufficiently in custody to invoke the federal habeas jurisdiction.

1

*Maleng v. Cook*, 490 U.S. 488 (1989). Classification under the Ohio sexual predator statute does not result in custody sufficient to permit testing by writ of habeas corpus. *Leslie v. Randle,* 296 F.3d 518 (6th Cir. 2002). Therefore this Court lacks habeas corpus jurisdiction to adjudicate Petitioner's claim.

In addition to the lack of custody, the documents submitted with the Petition indicate Petitioner did not appeal from his conviction until he attempted to file a delayed appeal in 2017. If the Court of Appeals had reopened the case by granting a delayed appeal, Mr. Glenn's time to file a habeas corpus petition would have begun to run when that appeal became final. However, the Court of Appeals denied a delayed appeal, so the judgment of conviction became final thirty days after judgment, the statute of limitations began to run then (July 11, 2014), and expired a year later. The Petition here was not filed until December 28, 2017, more than two years too late.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed as pleading a claim outside of the Court's habeas authority and being barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 29, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).