# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DUSTIN GLENN,

        Petitioner,       :    Case No. 3:17-cv-435

  - vs -                                      District Judge Walter H. Rice
                                                    Magistrate Judge Michael R. Merz

PREBLE COUNTY SHERIFF
 DEPARTMENT AND STATE OF
 OHIO

                                              :

        Respondent.

# DECISION AND ORDER

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to delete the Warden at Warren Correctional Institution as a respondent in the case because Petitioner is not challenging the judgment on which he is in the custody of that official. The Motion is well-taken and is hereby GRANTED. The Clerk shall delete the Warden at W.C.I. as a party.

Petitioner also moves to stay these proceedings pending exhaustion of state court remedies for removal of his requirement to register as a sex offender. Attachments to the Motion show that he currently has one or more open state court proceedings seeking that relief.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

Although Petitioner may not have received it yet, the Magistrate Judge has filed a Report and Recommendations recommending that the Petition be dismissed because (1) Mr. Glenn is not in the custody of the Sheriff of Butler County on his sexual offender registration requirement to give this Court jurisdiction over the case, (2) in any event cannot grant relief from a sexual offender registration obligation, and (3) any challenge to the 2013 conviction is barred by the statute of limitations (ECF No. 4). None of those reasons for dismissal are impacted at all by the pendency of the state court proceedings. The purpose of the exhaustion doctrine is to allow state courts to decide first any federal constitutional questions involved with a conviction before a federal habeas court becomes involved. But because the relief sought here is relief this Court cannot grant in habeas, there is no reason to stay the proceedings.

Accordingly, the Motion to Stay is DENIED.

January 4, 2018.

s/ *Michael R. Merz*  
United States Magistrate Judge