# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DUSTIN GLENN,

           Petitioner,    :    Case No. 3:17-cv-435

  - vs -                                District Judge Walter H. Rice
                                                 Magistrate Judge Michael R. Merz

PREBLE COUNTY SHERIFF
 DEPARTMENT AND STATE OF
 OHIO

                                        :
           Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 11) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 4). Judge Rice has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 12).

**Custody**

The Report recommended dismissal of the Petition for lack of jurisdiction because it appeared from the face of the Petition that Glenn was no longer in custody (ECF No. 4, PageID 65-66). The Report relied on *Maleng v. Cook*, 490 U.S. 488 (1989), which holds that there is no custody after a sentence expires and *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002), which holds that the Ohio Revised Code § 2950.01 requirement for registration by a sex offender does not create custody

1

sufficient to support habeas corpus jurisdiction (ECF No. 4, PageID 65-66). Glen objects that he is still in custody by virtue of a mandatory five-year term of post-release control (ECF No. 11, PageID 92).

The docket of the Preble County Common Pleas Court in its Case No. 13 CR 011388 shows that Glenn was convicted by a jury on March 25, 2014, on one count of unlawful sexual conduct with a minor in violation of Ohio Revised Code § 2907.04(A) and sentenced on June 12, 2014, to a one year term of confinement. He was also found to be a Tier II sex offender. Glenn asserts that as a result of that conviction, he was required by Ohio Revised Code § 2967.28 to serve a mandatory term of post-release control of five years (Objections, ECF No. 11, PageID 92). The Judgment Entry of Sentence attached to the Petition confirms that five years of post-release control was imposed (ECF No. 3, PageID 61).

A person on bond is sufficiently in custody to invoke federal habeas corpus jurisdiction. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984); *Hensley v. Municipal Court,* 411 U.S. 345 (1973); *Lawrence v. 48th District Court*, 560 F.3d 475, (6th Cir. 2009); *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989). The logic of these cases has been extended to persons on parole or probation. *Miskel v. Karnes*, 397 F.3d 446 (6th Cir. 2005); *Tiitsman v. Black*, 536 F.2d 678 (6h Cir. 1976); *United States ex rel Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977); *United States ex rel. Rybarik v. Maroney*, 406 F.2d 1055 (3rd Cir, 1969).

Based on Glenn's being subject to a mandatory term of post-release control, that part of the Report recommending dismissal for lack of custody is WITHDRAWN.

**Request for Stay Pending Exhaustion**

Glen objects to the Magistrate Judge's "denying Mr. Glenn's request to stay this instant action until 100% exhaustion is completed in the state court." (ECF No. 11, PageID 91). That request was made on January 4, 2018 (ECF No. 5, PageID 69). The Magistrate Judge denied it the same day because the Report had already been filed recommending dismissal

> because (1) Mr. Glenn is not in the custody of the Sheriff of Butler County on his sexual offender registration requirement to give this Court jurisdiction over the case, (2) in any event [this Court] cannot grant relief from a sexual offender registration obligation, and (3) any challenge to the 2013 conviction is barred by the statute of limitations (ECF No. 4). None of those reasons for dismissal are impacted at all by the pendency of the state court proceedings. The purpose of the exhaustion doctrine is to allow state courts to decide first any federal constitutional questions involved with a conviction before a federal habeas court becomes involved. But because the relief sought here is relief this Court cannot grant in habeas, there is no reason to stay the proceedings.

(Decision, ECF No. 6, PageID 82).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

In his Petition, Glenn pleads the following grounds for relief:

> **Ground One:** Petition[er's] U.S. Constitution right to counsel was violated when no waiver of counsel was executed.
>
> **Ground Two:** Petition[er's] U.S. Constitutional right to due process was violated when no consent hearing was held to determine Tier II [sex offender] status.
>
> **Ground Three:** Petitioner['s] U.S. Constitutional right to due process was violated when Petitioner was denied to appeal.

(Petition, ECF No. 3, PageID 41-44).

**Ground One**

Regarding Ground One, Glenn has attached the February 8, 2018, State of Ohio's Memorandum in Opposition to Glenn's Application for Reconsideration of the Denial of his Delayed Appeal (ECF No. 11, PageID 101-04). In that document the State admits that Glenn did not sign a waiver of counsel form before trial. *Id.* at PageID 103.

Ohio R. Crim. P. 44(C) provides: "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provide in Rule 22. In addition, in serious offense cases, the waiver

shall be in writing." Glen was charged with a fourth degree felony which is a serious offense under Ohio R. Crim. P. 2(C). Prima facie, then, Ohio law required a written waiver in this case. The State has argued to the Twelfth District Court of Appeals that the error is harmless because Glen was orally advised on two occasions about proceeding without counsel (ECF No. 11, PageID 103). If the Twelfth District decides this was not harmless error, grants Glenn a delayed appeal, and then reopens the trial court judgment, the AEDPA one-year statute of limitations will begin to run again whenever the new judgment becomes final.

However, if the Twelfth District denies a delayed appeal and Glenn has thereby exhausted his state court remedies, he would still be faced with the fact that he did not file in this Court within one year of the time his conviction became final and it would still be barred by the statute of limitations. Nothing in the Objections responds to the Report's calculation of when the statute ran.

Moreover, Ground One does not state a claim upon which habeas corpus relief can be granted. There is no federal constitutional right to a have one's waiver of counsel memorialized in written form. The fact that Ohio R. Crim. P. 44(C) requires a written waiver does not make failure to obtain a written waiver somehow a violation of either the Sixth Amendment right to counsel or the Fourteenth Amendment Due Process Clause. Not every requirement of state criminal procedure becomes mandated by the Due Process Clause. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993),

**Ground Two**

In Ground Two Glenn claims his Due Process rights were violated when he was not given a "consent" hearing before being classified as a Tier II sex offender. The classification is noted in the Judgment Entry (ECF No. 3 at PageID 62). Ohio Revised Code § 2950.01(F) defines as a Tier II sex offender any person who has been convicted of one of a set of listed offenses, which includes persons who violate Ohio Revised Code § 2907.04(A), such as Mr. Glenn. Ohio Revised Code § 2950.01(B)(2) excludes from the definition of sex offender a person who has been convicted of a sexually-oriented offense and the sexual conduct or contact involved was consensual, the victim was over thirteen, and the offender is not more than four years older than the victim. The Magistrate Judge presumes Glenn's claim is that he was not given a hearing at which the issue of consent could have been determined.

Glenn does not provide the Court with any of the relevant facts, particularly how old he was at the time of the offense and how old the victim was. Nor does he provide any authority for the proposition that a hearing on the consent issue is mandated by the Constitution. Finally, he offers no reason why this Ground for Relief is not precluded by the statute of limitations.

**Ground Three**

In Ground Three, Glenn claims he was denied his Due Process rights when he was denied a delayed appeal.

There is no federal constitutional right to appeal criminal verdicts for error review.

*McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). If there is no federal constitutional right to appeal at all, it follows that there cannot be a constitutional right to a delayed appeal.

**Conclusion**

Having reconsidered the case as ordered, the Magistrate Judge withdraws his recommendation regarding custody, but again respectfully recommends that the Petition herein be dismissed with prejudice as barred by the statute of limitations.

February 23, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).