# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DUSTIN GLENN,

               Petitioner,            :     Case No. 3:17-cv-435

    - vs -                          District Judge Walter H. Rice
                                  Magistrate Judge Michael R. Merz

PREBLE COUNTY SHERIFF
 DEPARTMENT AND STATE OF
 OHIO
                               :
               Respondent.

---

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Supplemental Report and Recommendations recommending the Petition be dismissed (ECF No. 13). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 15).

Glenn objects that the Magistrate Judge did not order the Respondent to answer the Petition and file the relevant portions of the state court record (ECF No. 14, PageID 129). As noted in the original Report and Recommendations, Rule 4 of the Rules Governing § 2254 Cases provides for initial review by the Court and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." (ECF No. 4, PageID ___). Rule 5(a) specifically provides that a respondent is not required to answer the petition unless ordered by the Court. Thus

the Habeas Rules, promulgated by the Supreme Court, contemplate that a case may be dismissed without ordering an answer if it appears from the Petition that it is barred. Here the original and Supplemental Reports both found the Petition was not timely filed.

In his Objections Glenn purports to amend his Petition so that his Ground One now reads: Petitioner's U.S. Constitutional right to counsel was violated AND when no waiver of counsel was executed," the addition of "and" being the amendment.

Glenn's next objection is that his due process rights were violated when he was denied a delayed appeal. In the Supplemental Report, the Magistrate Judge pointed out that the States are not required as a matter of due process to provide any appellate review at all (ECF No.     ) Glenn objects by citing *Evitts v. Lucey*, 469 U.S. 387 (1985). Evitts followed earlier law holding that counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963). *Douglas* followed even earlier precedent holding that if a State provides for appeal of right and requires a transcript, the transcript must be, as a matter of equal protection, furnished to the indigent appellate *Griffin v. Illinois*, 351 U.S. 12 (1956). But no Supreme Court case law holds that a State cannot impose time limits on filing notices of appeal and Glenn does not suggest that wealthy litigants get favorable treatment over the indigent in filing for delayed appeal.

Glenn's next objection is that without a full record this Court cannot determine whether his waiver of counsel was valid or not. Glenn's claim as he first made it was that the waiver was not valid because there was no signed waiver form. But the Constitution does not require a written waiver. Glenn's claim now seems to be that the waiver was invalid for other reasons (See ECF No. 14, PageID 132). It could be the case that this Court could not fully adjudicate that claim

without the record.  But that is a question of the merits and the Court cannot reach the merits if the Petition as a whole is barred by the statute of limitations.

Glen claims his Grounds One and Three[1] are currently pending at all three levels of the Ohio court system, although he provides no proof of that claim (ECF No. 14, PageID 133).  But the only way that fact could be relevant is if one or more of those state court filings is a "properly filed" collateral attack on the judgment in this case, filed before the statute of limitations expired. See 28 U.S.C. § 2254(d)(2).  By the calculation set forth in the original Report, the statute of limitations began to run July 11, 2014, and would have expired July 12, 2015, but this case was not filed until December 28, 2017.  If Glen has some proof of a collateral attack on the conviction that he properly filed before July 12, 2015, he needs to submit it to this Court.  Absent any such proof, the Magistrate Judge again recommends the Petition be dismissed with prejudice as barred by the statute of limitations.  A state court collateral attack filed after the statute of limitations expires does not restart the statute.

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.


March 6, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] Glenn has withdrawn Ground Two (ECF No. 14, PageID 133).

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).