# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DUSTIN GLENN,

              Petitioner,    :    Case No. 3:17-cv-435

  - vs -                                District Judge Walter H. Rice
                                         Magistrate Judge Michael R. Merz

PREBLE COUNTY SHERIFF
 DEPARTMENT AND STATE OF
 OHIO

                                  :

              Respondent.

## SUPPLEMENTAL REPORT

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 29) to the Magistrate Judge's designation of attorney Jacob Kovach as an "interested party" in this litigation (ECF No. 23). Judge Rice has recommitted the case for a supplemental report on the Objections (ECF No. 33).

From representations made by Petitioner Glenn, the Magistrate Judge learned that Mr. Kovach had been appointed guardian of Glenn's estate by the Probate Court of Preble County, Ohio. Having learned that, the Magistrate Judge ordered

> The Clerk will serve a copy of this Order on Mr. Kovach at his offices at 115 West Main Street, Eaton, Ohio, and add him as an interested party to this case so that he receives notice of activity in the case. Mr. Kovach is invited to advise this Court of any facts within his knowledge as guardian which have a bearing on this case.

(ECF No. 23, PageID 171). "Interested party" is an electronic status assigned to a person to whom

the Court's electronic filing system will give notice of filings. For example, the Magistrate Judge is designated as an "interested party" in cases currently pending in the Sixth Circuit Court of Appeals on appeal or transfer from this Court. The designation does not enable the person to file anything, but merely to receive notice of filings. Of course, all filings are available to the public. The purpose of the designation is simply to provide notice.

Mr. Glenn objects because he says he is going to sue Mr. Kovach and others in this Court under 42 U.S.C. § 1983 (ECF No. 29, PageID 186). He has not yet done so and being a party defendant in one case would not prevent someone from seeing filings in another case..

Glenn objects to Kovach's submitting anything to the Court of which Glenn does not receive a copy. Any filing with the Court must be served by the filer on all parties. The Court has not received anything from Mr. Kovach and has not granted anyone permission to submit anything *ex parte*.

Glenn objects that any advisement from Kovach must go through Respondent's counsel. While Glenn has a right to object to any submission ex parte, he does not have a right to force his guardian to submit information through Respondent's counsel.

Based on this analysis, it is respectfully recommended that Glenn's Objections be overruled.

April 18, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).