# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DUSTIN GLENN,

              Petitioner,      :      Case No. 3:17-cv-435

  - vs -                           District Judge Walter H. Rice
                                   Magistrate Judge Michael R. Merz

PREBLE COUNTY SHERIFF
 DEPARTMENT AND STATE OF
 OHIO

                             :

              Respondents.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Motion to Dismiss of Chae Harris, Warden of the Warren Correctional Institution (ECF No. 42). Petitioner has filed an Opposition (ECF No. 49).

Warden Harris reports that Petitioner was confined in his custody until May 18, 2018, and is thereafter in the custody of the Ohio Adult Parole Authority serving a term of post-release control. The Petition names as Respondents the Sheriff of Preble County, Ohio, and the State of Ohio (ECF No. 3, PageID 37). Although Petitioner was in the custody of Warden Harris when he filed, he was not confined on the conviction listed in the Petition as the one on which he sought relief, and on his Motion the Warden was dismissed as a Respondent (ECF Nos. 5 & 6). The Magistrate Judge concludes Glenn is sufficiently in custody to invoke habeas corpus jurisdiction and that the proper Respondent is the Ohio Adult Parole Authority. Assistant Attorney General

Fosnaught has moved for dismissal on behalf of the Warden, who was the custodian on the date the Motion to Dismiss was filed, and on behalf of the Ohio Adult Parole Authority. She does not represent the Sheriff of Preble County (ECF No. 42, PageID 331, n. 1).

Maintenance of a sex offender registry as required by state law does not constitute keeping a person in custody within the meaning of habeas corpus jurisprudence. Classification under the Ohio sexual predator statute does not result in custody sufficient to permit testing by writ of habeas corpus. *Leslie v. Randle,* 296 F.3d 518 (6th Cir. 2002). Because the Sheriff does not have custody of Glenn, he is not a proper party Respondent and should be dismissed.

**Procedural History**

In September 2013 Glenn was indicted by the Preble County grand jury on one count of unlawful sexual conduct with a minor (Indictment, State Court Record ECF No. 41, PageID 215-16). He was convicted at jury trial and sentenced to one year imprisonment and five years of post-release control. *Id.* at PageID 223-24. Glenn took no direct appeal. Instead, on October 20, 2017, he filed a motion for delayed appeal. *Id.* at PageID 228-29. The Twelfth District Court of Appeals denied that motion on December 12, 2017, and a motion for reconsideration on March 8, 2018, explaining that the delayed appeal was denied because Glenn had not offered any acceptable excuse for the delay. *Id.* at PageID 268-69. The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *Id.* at PageID 282.

Glenn filed his Petition for Writ of Habeas Corpus in this Court on December 27, 2017, pleading three grounds for relief:

> **Ground One**: Petition U.S. Constitution right to counsel was violated [**AND**[1]] when no waiver of counsel was executed.
>
> **Ground Two:** Petition U.S. Constitutional right to due process was violated when no consent hearing was held to determine Tier II status.
>
> **Ground Three:** Petitioner U.S. Constitutional right to due process was violated when Petitioner was denied to appeal.

(Petition, ECF No. 3.)

# Analysis

**Ground One: Lack of Signed Waiver of Counsel**

In his First Ground for Relief, Petitioner asserts he was denied his right to counsel under the United States Constitution when he was tried after having waived counsel orally, but without having executed a written waiver of counsel.

**Statute of Limitations**

Respondent asserts this claim is barred by the statute of limitations (Motion, ECF No. 42, PageID 336). Petitioner responds that he has been a ward of the State since before his conviction in 2013 ( ECF No. 49, PageID 372).

28 U.S.C. § 2244(d) provides:

---

[1] Added by amendment at ECF No. 14, PageID 129, ECF No. 49, PageID 372.

3

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

There are references in the record to Attorney Jacob Kovach's being appointed as guardian of the estate of Mr. Glenn, but no details have been furnished to this Court on the scope of that appointment or anything about the condition or conditions that made that seem appropriate to the Preble County Probate Court. Regardless of that appointment, Glenn was never found incompetent to stand trial and was even found competent to represent himself when he rejected court appointed counsel. Glenn has offered no proof that his mental condition at any time during the thirty-day period after his conviction rendered him incompetent to tell appointed counsel to file an appeal on

4

his behalf.

Glenn's conviction became final on the thirtieth day after his conviction – July 12, 2014 -- when he failed to appeal. It expired one year later on July 13, 2015. The Petition here was not filed until December 28, 2017, when it was scanned to the Court from Lebanon Correctional Institution. Thus the Petition is time barred and the First Ground for Relief should be dismissed on that basis.

**Procedural Default**

As to the First Ground for Relief, Respondent asserts that consideration on the merits is also barred by Petitioner's procedural default in presenting the claim to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal

habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

As applied in this case, Ohio has a rule that a direct appeal from a criminal conviction must be filed within thirty days of the sentence and judgment. The Twelfth District enforced that rule in this case by turning down Glenn's motion for delayed appeal on the ground it was very untimely

with no acceptable explanation. There is no question that a State may impose a limit on the time within which a criminal conviction may be appealed in protecting its interest in the finality of those judgments.

As excusing cause, Glenn again asserts his status as a ward of the State, but offers no more proof than that offered on the statute of limitations defense. The mere formal status of having a guardian of the estate is insufficient to prove that Glenn was unable to pursue a timely appeal (for which he would have had appointed counsel) or at least a more timely motion for delayed appeal.

**Cognizability**

As pleaded originally, Glenn's First Ground for Relief was limited to his claim that he never executed a written waiver of counsel. As Respondent points out, there is no clearly established United States Supreme Court precedent that requires that waiver of counsel be in writing.

Whether or not lack of written waiver violates Ohio law is immaterial to these proceedings. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall Ch. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. 2018)(Thapar, J. concurring).

In the set of Objections in which he made his amendment to the Petition, Glenn raised a different claim, to wit, that his waiver of counsel was altogether invalid. As Respondent notes in the Motion to Dismiss, this claim was never raised in the Ohio courts at all and is therefore procedurally defaulted.

**Ground Two: Lack of Consent Hearing on Sexual Offender Classification**

Petitioner claims he was denied his constitutional rights when the Common Pleas Court classified him as a Tier II sex offender without a consent hearing, i.e., a hearing to determine if the sexual conduct was consensual.

Respondent explains that Ohio Revised Code § 2950.01(F) classifies a person as a Tier II offender if the person has been convicted of one of a series of offenses, including the offense of conviction here under Ohio Revised Code § 2907.04(A), sexual conduct by a person over eighteen with another whom he or she knows to be over thirteen but not over sixteen. Ohio Revised Code § 2950.01(B)(2) exempts from that classification an offender whose victim was over thirteen and consented unless the offender is more than four years older than the victim.

Glenn sought a consent hearing in the Preble County Common Pleas Court which Judge Abruzzo denied upon a finding that Glenn was not less than four years older than the victim (State Court Record, ECF No. 41, PageID 319). Glenn does not deny the accuracy of this finding and in any event did not appeal that decision.

Moreover, Glenn has not established that there is any clearly established United States Supreme Court precedent which would have entitled him to such a hearing.

Ground Two should be dismissed for failure to state a claim upon which habeas corpus

relief can be granted.

**Ground Three: Denial of Appeal**

In his Third Ground for Relief, Petitioner claims he was unconstitutionally denied his right to appeal. Like the first two grounds, this claim is also barred by the statute of limitations and by Glenn;s failure to present it to the state courts. In particular, when he filed for a delayed appeal, he did not claim he was constitutionally entitled to the appeal. (See State Court Record, ECF No. 41, PageID 229.) While he did make that claim on further appeal to the Ohio Supreme Court, that court will not hear claims that have not been first raised in the intermediate appellate court.

More fundamentally, denial of delayed appeal does not violate the United States Constitution. There is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to

proceed *in forma pauperis*.

June 20, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).